# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| MICHAEL PAUL MCKEEHAN, | : | |
|---|---|---|
| Plaintiff, | : | |
| VS. | : | Civil Action File No. |
| | : | 1 : 09-CV-117 (WLS) |
| MARTY ALLEN, et al., | : | |
| Defendants. | : | |

## RECOMMENDATION

This is a *pro se* prisoner 42 U.S.C.§1983 action. The plaintiff filed this action on June 19, 2009, raising allegations of excessive force and deliberate indifference to a serious medical need during his incarceration at Autry State Prison. Defendants filed a motion for summary judgment on April 7, 2010. (Doc. 34). Plaintiff was notified of the filing of the motion for summary judgment. (Doc. 41).

Plaintiff requested and was granted an extension of time in which to file a response to the motion for summary judgment. He was given until August 5, 2010 to file a response to the motion. (Doc. 43). Plaintiff did not file any response to the motion. The undersigned entered an order for the Plaintiff to show cause why this suit should not be dismissed on November 4, 2010. (Doc. 44). The order was returned as undeliverable, as Plaintiff has been released from the custody of the Georgia Department of Corrections, and has not provided a forwarding address. (Doc. 45). Nor has Plaintiff notified the court of any change of address.

The court's initial order providing service of the complaint dated July 30, 2009 contains the

following directive to the parties:

> During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.
> Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

(Doc. 9).

The undersigned finds a clear record of the Plaintiff's failure to comply with the court order to notify the court of his current address and to diligently prosecute this action, as is evidenced by his mail being returned as undeliverable and his failure to respond to the motion for summary judgment. The undersigned finds a willful failure on the part of the plaintiff to comply with the order of the court, and that giving Plaintiff more time to respond to either the motion for summary judgment or the order to show cause would be futile.

Upon consideration of the alternatives that are available to the Court, it is the RECOMMENDATION of the undersigned that this action be **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. *Link v. Wabash R.R.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.,* 41 F.3d 1454, 1456-57 (11th Cir.1995); *Mingo v. Sugar Cane Growers Co-op,* 864 F.2d 101, 102 (11th Cir.1989); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985); *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir.1983).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of being served with a copy.

**SO RECOMMENDED**, this 23rd day of November, 2010.

                                                    //S Thomas Q. Langstaff
                                                  THOMAS Q. LANGSTAFF
msd                                            UNITED STATES MAGISTRATE JUDGE